IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD R. CLOUD,**

        Petitioner,

v.                                                                           Civil Action No. 1:10cv73
                                                                          (Judge Keeley)

**WILLIAM M. FOX, Warden,**

        Respondent.

## REPORT AND RECOMMENDATION

On May 4, 2010, the *pro se* petitioner filed a Petitioner Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody in the United States District Court for the Northern District of West Virginia. On May 20, 2010, the undersigned conducted a preliminary review of the petition and decided the record was insufficient to determine whether the instant petition was timely. Therefore, the respondent was directed to file a response.

On June 16, 2010, the respondent filed a Motion to Dismiss the Petition as Untimely Filed. On June 17, 2010, the Court issued a Roseboro Notice advising the *pro se* petitioner of his right to file responsive material to the respondent's motion. The Court received a reply to the respondent's response on June 30, 2010.

This case is before the undersigned for consideration of the respondent's motion to dismiss and the petitioner's reply to that motion.

# I. Procedural History

## A. Petitioner's Conviction and Sentence

As set forth in the pleadings, on May 5, 1988, the petitioner was charged with kidnapping, malicious assault, sexual assault in the first degree, and conspiracy. Following a jury trial, the petitioner was convicted on all counts without a recommendation of mercy. On November 29, 1988, the Court sentenced the petitioner to life in the penitentiary without the possibility of parole on the kidnaping charge, 1-5 years in the penitentiary for conspiracy, 15-25 years in the penitentiary for first degree sexual assault, and 2-10 years in the penitentiary for malicious assault. The sentencing court then ordered that the petitioner's kidnaping and conspiracy charges run concurrent, and that his sentences for malicious assault and first degree sexual assault run concurrent with each other, but consecutive to the kidnaping and conspiracy charges.

## B. Petitioner's Direct Appeal

The petitioner filed a direct appeal of his conviction and sentence to the West Virginia Supreme Court of Appeals ("WVSCA") on September 14, 1989. The petitioner's direct appeal was refused on October 3, 1989.

## C. Petitioner's State Post-Conviction Proceedings

On October 18, 2001, the petitioner filed a petition for state post conviction review in the Circuit Court of Hampshire County. After an evidentiary hearing, the circuit court denied the petition on the merits on October 19, 2004. The petitioner did no appeal that decision.

## D. Federal Habeas Proceedings

**Petitioner's Contentions**

The instant case was filed on May 4, 2010. In the petition, the petitioner raises the following grounds for relief:

(1) denial of transcript to appeal;

(2) jury pool was not diverse; and

(3) ineffective assistance of counsel:

    a. failing to obtain transcript for direct appeal; and

    b. failing to call witnesses.

**Respondent's Answer**

In answer to the petitioner's contentions, the respondent denies generally that any violation of the petitioner's right has occurred and moves to dismiss the petition as untimely.

**Petitioner's Reply**

The petitioner reiterates his contention that he was denied transcripts to appeal and ineffective assistance of counsel.

## IV. Timeliness of Petition

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[1] Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F. 3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); Hill v. Braxton, 277 F. 3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F. 3d 325 (4th Cir. 200).

Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period,[1] a petitioner who's conviction and sentence became final after the effective date of AEDPA, has one-year from the date the conviction and sentence became final to file a federal habeas petition. 28 U.S.C. §2244(d). The amendment to § 2244 became effective on April 24, 1996. For a prisoner whose conviction and sentence became final prior to the effective date of AEDPA, a one-year grace period extends from the statute's effective date. Brown v. Angelone, 150 F. 3d 370, 374-375 (4th Cir. 1998).

In this case, the petition is clearly untimely. The petitioner's conviction and sentence became final prior to the effective date of AEDPA.[2] Therefore, the petitioner had until April 24, 1997, to timely file his federal habeas petition. The petitioner's federal habeas petition was filed on May 10, 2010, more than thirteen years after the expiration of his one-year limitation period. Thus the petitioner's state habeas petition filed on October 18, 2001 could not toll the one-year limitations period because there was nothing left to toll. See Webster v. Moore, 199 F. 3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations cannot toll that period because there is no period remaining to be tolled).

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F. 3d 686, 687-88 (4th Cir.

---

[1] 28 U.S.C. §2244(d)

[2] The petitioner's direct appeal was refused on October 3, 1989. There is nothing in the record to indicate that the petitioner filed a writ of certiorari with the United States Supreme Court. Thus, his conviction became final 90 days from the date on which his appeal was denied. See Harris v. Hutchinson, 209 F. 3d 325, 328 (4th Cir. 2000). Consequently, the petitioner's conviction became final on January 2, 1990.

2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F. 3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his §2254 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforce. Harris v. Hutchinson, 209 F. 3d at 330. To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bring his claims. Miller v. New Jersey State Department of Corrections, 145 F. 3d 616, 617 (3rd Cir. 1998).

In his reply to the respondent's motion, the petitioner asserts he has a right to his transcripts in order to file an appeal. However, the petitioner's petition ultimately must be dismissed. The petitioner filed a direct appeal of his conviction and sentence. That appeal was refused on October 3, 1989. Because the petitioner did not file a writ of certiorari, his conviction and sentence became final on January 2, 1990. Thus, even if the petitioner's defense attorney and/or his appellate attorney were ineffective in failing to obtain the transcripts, the petitioner has failed to adequately explain how that ineffectiveness caused the untimeliness of his federal habeas petition more than 20 years later. Furthermore, the petitioner has previously filed a federal petition for writ of habeas corpus on the instant conviction which was dismissed by this Court with prejudice as untimely.[1]

Accordingly, the petitioner has failed to meet the requirements for equitable tolling.

---

[1] Case No. 1:06cv178.

## V. Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that the respondent's Motion to Dismiss Petition as Untimely be **GRANTED** and that the petitioner's § 2254 petition be **DENIED** and **DISMISSED with prejudice**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F. 2d 841 (4th Cir. 1985); United States v. Schronce, 727 F. 2d 91 (4th Cir. 1984), cert. denied, 476 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: July 1, 2010

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE