**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RONALD R. CLOUD,**

    **Petitioner,**

**v.     //     CIVIL ACTION NO. 1:10CV73
                (Judge Keeley)**

**WILLIAM R. FOX, Warden,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
<u>DISMISSING WITH PREJUDICE CLOUD'S §2254 PETITION</u>**

On May 4, 2010, the <u>pro se</u> petitioner, Ronald R. Cloud ("Cloud"), filed a petition for Writ of Habeas Corpus by a Person in State Custody ("petition")pursuant to 28 U.S.C. § 2254. The Court referred Cloud's petition to the Honorable David J. Joel, United States Magistrate Judge ("Magistrate Judge Joel"), for initial screening pursuant to this District's Local Rule of Prisoner Litigation 2.

Although Cloud's petition appeared to be untimely, Magistrate Judge Joel directed the respondent, William R. Fox ("Fox"), to answer it. On June 16, 2010, Fox filed a motion to dismiss, asserting that Cloud's § 2254 petition was untimely. On June 17, 2010, the Court issued a <u>Roseboro</u> Notice, advising Cloud of his right to file a response to Fox's motion. In accord with that Notice, Cloud filed a brief in opposition to Fox's motion.

On July 1, 2010, Magistrate Judge Joel issued a report and recommendation ("R&R"), recommending that Fox's motion to dismiss

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING WITH PREJUDICE CLOUD'S §2254 PETITION**

be granted and that Cloud's petition be dismissed with prejudice as untimely. On July 20, 2010, Cloud filed timely objections to the Magistrate Judge's R&R.

The Court has conducted a <u>de novo</u> review and concludes that the recommendation to dismiss the petition as untimely accurately reflects the law applicable to the facts and circumstances in this case.

## I. FACTUAL BACKGROUND

On November 19, 1988, the Circuit Court of Hampshire County, West Virginia sentenced Cloud to serve 1) a life sentence without the possibility of parole, for kidnapping, 2) one to five years for conspiracy, 3) fifteen to twenty-five years for first degree sexual assault, and 4) two to ten years for malicious assault. Cloud is currently incarcerated at the St. Marys Correctional Center in St. Marys, West Virginia.

The West Virginia Supreme Court of Appeals refused to hear Cloud's appeal on October 3, 1989, following which denial Cloud did not file a petition for writ of certiorari with the Supreme Court of the United States. Approximately twelve years later, however, on October 18, 2001, he filed a petition for state post-conviction review in the Circuit Court of Hampshire County, West Virginia. Following an evidentiary hearing, the circuit court denied Cloud's

petition on October 19, 2004, a decision Cloud did not appeal. Then, on November 1, 2006, Cloud filed a separate petition pursuant to 28 U.S.C. § 2254, which this Court dismissed as untimely on July 6, 2007. See Cloud v. McBride, No. 1:06CV178 (N.D.W. Va. July 6, 2007) (dkt. no. 24).

## II. ANALYSIS

The issue before the Court is whether Cloud's § 2254 federal habeas petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). If the petition is barred by the applicable statute of limitations, the Court need not address the substantive issues raised in Cloud's petition.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. 2244(d)(1), provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

>       (C)   the date on which the constitutional
>             right asserted was initially
>             recognized by the Supreme Court, if
>             the right has been newly recognized
>             by the Supreme Court and made
>             retroactively applicable to cases on
>             collateral review; or
>       (D)   the date on which the factual
>             predicate of the claim or claims
>             presented could have been discovered
>             through the exercise of due
>             diligence.

28 U.S.C. § 2244(d)(1).

In calculating the expiration date of the one-year limitations period, the AEDPA excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Significantly, if a petitioner's sentence became final prior to the effective date of AEDPA,[1] a one-year grace period extends from the statute's effective date. Brown v. Angelone, 150 F.3d 370, 374-75 (4th Cir. 1998).

The state circuit court sentenced Cloud on November 29, 1988, and the West Virginia Supreme Court of Appeals refused to hear his direct appeal on October 3, 1989. Because he did not file a petition for writ of certiorari in the United States Supreme Court, Cloud's conviction and sentence became final 90 days from the date

---

[1] The effective date of the AEDPA is April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

4

on which his appeal was denied, January 2, 1990. Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Because Cloud's conviction became final prior to the effective date of the AEDPA, his one-year statute of limitations did not run until April 24, 1997. Cloud, however, did not file the instant habeas petition until May 4, 2010.

In his R&R, Magistrate Judge Joel recognized that the state habeas petition that Cloud filed on October 18, 2001 could not toll the one-year limitations period because the period had expired on April 24, 1997, four years before Cloud filed his state habeas petition. The Magistrate Judge also evaluated the information provided by Cloud in his reply brief and determined that equitable tolling was not appropriate in his case. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

In his reply brief, Cloud stated that he had unsuccessfully attempted to obtain transcripts from the Circuit Court of Hampshire County, West Virginia, and that his failure to obtain these transcripts prevented him from pursuing an appeal. He also asserted that those transcripts would demonstrate his innocence. Because Cloud has not explained how his inability to obtain transcripts caused the untimely filing of his federal habeas

5

petition, more than twenty years after his conviction became final, Cloud's explanation fails to justify his delay.

Apparently referencing AEDPA, Cloud also objects that he "is not a terrorist by any means but the Court has enacted laws against him that are intended for terrorists." He urges that there are many outstanding issues to be resolved regarding his trial and appeal, and that he wishes to pursue his arguments before the United States Court of Appeals for the Fourth Circuit. This argument is also unavailing.

### III. CONCLUSION

This Court concurs with the Magistrate Judge's determination that Cloud failed to timely file the instant petition, and that his petition cannot be salvaged by equitable tolling principles. Accordingly, it **ADOPTS** Magistrate Judge Joel's R&R in its entirety (dkt. no. 14), **GRANTS** Fox's motion to dismiss (dkt no. 9), **DISMISSES WITH PREJUDICE** Cloud's petition (dkt. no. 1), and **DIRECTS** the Clerk to strike this case from its docket.

It is so **ORDERED**.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Cloud has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller

-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of each Order to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

DATED: August 4, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE